PHILLIP A. TALBERT
United States Attorney
JESSICA DELANEY
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DESEAN ALEXIS OLIPHANT,<br><br>   Defendant. | CASE NO. 2:24-CR-00238 WBS<br><br>STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |

## I.   **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and Defendant Desean Alexis Oliphant, by and through her counsel of record, for the reasons set forth below, hereby stipulate and agree that the Court may and should enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and third parties.

2. On August 8, 2024, the Grand Jury returned an indictment charging nine counts of transfer of fraudulent documents, in violation of 18 U.S.C. § 1029.

3. As part of its investigation in the above-captioned case, the United States is in possession of materials relating to the charges against Oliphant and seeks to provide those materials to her counsel. Some of the materials may exceed the scope of the United States' discovery obligations but will be

produced to promote a prompt and just resolution or trial of the case.

4. The United States intends to produce to the Defense Team, as defined below, materials containing personal identifying information ("PII") and other confidential information of real persons and entities, including, among other things, addresses, phone numbers, Social Security numbers, and bank account numbers. Those real persons and entities are victims, witnesses, or third parties to this case.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing PII and confidential information of others. If this information is disclosed without protective measures, or to defendant without limitation, it will risk the privacy and security of the people to whom the information relates. The information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing statutory and ethical obligations to protect victims.

6. Due to the nature of the charges and the alleged conduct in this case, PII and other confidential information make up a significant part of the discovery materials in this case and such information itself, in many instances, has evidentiary value. The documentary evidence contains a large quantity of privacy-protected information that would be difficult or time-consuming to redact. Further, if the government were to attempt to redact all this information, the defense would receive a set of discovery that may be confusing and difficult to understand, and it could inhibit prompt and just resolution of the case or preparation for trial.

7. Accordingly, the parties agree that a Protective Order that will permit the United States to produce discovery that is unredacted but preserve the privacy and security of victims, witness, and third parties, is appropriate. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the Defense Team to understand the United States' evidence against the defendant.

8. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

9. This Order pertains to all discovery provided or made available to defense counsel in this case that contains unredacted "Personal Identifying Information" or other confidential third-party information (collectively, "Protected Materials").

10. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, and any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), for anyone other than the defendant.

11. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Teams, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

12. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

13. For purposes of this Order, the term "Defense Team" refers to (1) Defense Counsel, (2) other attorneys at Defense Counsel's law firms or defense organizations who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to Defendant's Counsel assisting on this case. The term "Defense Team" does not include defendants, the defendants' family, or other associates of the defendant.

14. Defense Counsel must provide a copy of this Order to all members of the Defense Team, prior to providing any Protected Materials to the members of the Defense Team.

### C. Disclosure of Protected Materials

15. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant.

16. No person or party shall use any Protected Materials or information derived from

1  Protected Materials produced in this action for any purpose other than use in the above-captioned case.
2  All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial,
3  post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other
4  purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any
5  third party. Protected Materials may be disclosed only to the categories of persons and under the
6  conditions described in this Order.

7        17.    The defendant may review Protected Materials in this case only in the presence of a
8  member of her Defense Team, and Defense Counsel shall ensure the defendant is not left alone with any
9  Protected Materials. The defendant may not copy, keep, maintain, or otherwise possess any of the
10 Protected Materials. The defendant must return any Protected Materials to her Defense Team at the
11 conclusion of any meeting at which the defendant reviews the Protected Materials. The defendant may
12 not take any Protected Materials out of the room in which she is meeting with her Defense Team.  The
13 defendant may not write down or memorialize any PII contained in the Protected Materials. At the
14 conclusion of any meeting with the defendant, the member of her Defense Team present shall take with
15 him or her all Protected Materials. At no time, under any circumstances, will Protected Materials be left
16 in the possession, custody, or control of the defendant.

17       18.    The Defense Team may review Protected Materials with a witness or potential witness in
18 this case, including the defendant, subject to the requirements above that a member of the Defense Team
19 must be present if Protected Materials are being shown to the defendant. Before being shown any
20 portion of the Protected Materials, however, any witness or potential witness must be informed of the
21 existence of the Protective Order and given a copy of the Protective Order. No witness or potential
22 witness (other than members of the Defense Team) may retain Protected Materials, or any copy thereof,
23 after her review of those materials with her Defense Team is complete.

24       19.    This Order does not limit employees of the United States Attorney's Office for the
25 Eastern District of California from disclosing the Protected Materials to members of the United States
26 Attorney's Office, law enforcement agencies, the Court, and defense.

27       20.    Defense Counsel shall advise the United States with reasonable notice of any subpoenas,
28 document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is

considering disseminating any of the Protected Materials to a third party, so the United States may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

21. The Defense Team shall maintain the Protected Materials safely and securely and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

22. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

23. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Any passwords and encryption keys must be stored securely and not written on the storage media that they unlock.

24. If a member of a Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

25. In the event a party needs to file Protected Materials containing PII or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal or with all PII or confidential materials redacted. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging PII or confidential materials.

### F. Conclusion of Prosecution

26. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, unless the California Rules of Professional Conduct, as interpreted by the State Bar of California, require Defense Counsel to retain the material for a longer duration of time. The written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G. Termination or Substitution of Counsel

28. In the event there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become a Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in this Protective Order. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Redaction of Protected Materials

29. Nothing in this Order shall prevent the United States Attorney's Office from redacting PII or other confidential information in any Protected Materials related to the identity of cooperators and informants.

### I. Modification of Order

30. Nothing in this Order shall prevent any party from seeking modification of the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**J.     Violation of Order**

31.    Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**K.     Application of Laws**

32.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

33.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  October 30, 2024                                   PHILLIP A. TALBERT
                                                           United States Attorney

                                                           /s/ JESSICA DELANEY
                                                           JESSICA DELANEY
                                                           Assistant U.S. Attorney

Dated:  October 30, 2024                                   /s/ RACHELLE BARBOUR
                                                           RACHELLE BARBOUR
                                                           Counsel for Defendant
                                                           DESEAN ALEXIS OLIPHANT

### [PROPOSED] PROTECTIVE ORDER

The Court having read and considered the Stipulation regarding the proposed Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that good cause exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 29th day of October, 2024

                                                           THE HONORABLE CHI SOO KIM
                                                           UNITED STATES MAGISTRATE JUDGE